1  **KRALIK & JACOBS LLP**
2  LOIS MOONITZ JACOBS (SBN 106537)
3  e-mail: lois.jacobs@kralikjacobs.com
   301 North Lake Avenue, Suite 202
4  Pasadena, California 91101
   Tel.: 626 844-3505
5  Fax:  626 844-7643
6
7  Attorneys for Plaintiff IndyMac Bank, F.S.B.,
   and Federal Deposit Insurance Corporation,
8  as Conservator of IndyMac Federal Bank, FSB,
9  successor in interest to IndyMac Bank, F.S.B.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INDYMAC BANK, F.S.B., a federally chartered savings bank,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>LOC D. NGUYEN, an individual, LINH T. NGUYEN, an individual, and DOES 1 through 50, inclusive,<br><br>　　　　　　Defendants. | Case No.: C08-02328 RS<br><br>REQUEST FOR CONTINUANCE OF INITIAL CASE MANAGEMENT CONFERENCE<br><br>CMC Date:　Sept. 3, 2008<br>Time:　　　2:30 p.m.<br>Courtroom:　4, 5th Floor, SJ<br><br>[[Proposed] Order Submitted Herewith] |

　　　Plaintiff IndyMac Bank, F.S.B. ("IndyMac")[1], hereby respectfully requests that this Court continue the Initial Case Management Conference in this action,

---

[1] On July 11, 2008, IndyMac Bank, F.S.B. was closed by the Office of Thrift Supervision, and the Federal Deposit Insurance Corporation was appointed as receiver (the "Receiver"). On the same date, a new institution, IndyMac Federal Bank, FSB ("New IndyMac"), was chartered, and all of the insured deposits and

-1-

REQUEST FOR CONTINUANCE OF
INITIAL CASE MANAGEMENT CONFERENCE

currently scheduled for September 3, 2008, to October 22, 2008, or to a date thereafter that may be available to the Court.

Despite having made diligent efforts to serve Defendants Loc D. Nguyen and Linh T. Nguyen ("Defendants") with process since the Complaint in this action was filed on May 6, 2008, IndyMac has thus far been unable to complete service on either of them. Counsel for IndyMac has spoken several times over the past three months with Defendants' attorney, Lan D. Nguyen, about this situation. Mr. Nguyen, who is a member of State Bar of California (State Bar No. 194638) but resides in Portland, Oregon, has informed IndyMac's counsel that Defendants are attempting to locate counsel in the Bay Area to represent them in this action but have not done so far. Although IndyMac's counsel has requested on several occasions that Mr. Nguyen obtain the Defendants' authorization to accept service on their behalf, they agreed to do so. (See email from Lois Jacobs to Lan Nguyen dated July 30, 2008, attached hereto as Exhibit A).

Although Counsel Nguyen informed IndyMac's counsel that Defendants were out of the country for several weeks shortly after the Complaint was filed, they apparently returned to the United States in mid-July but have evaded all service attempts by IndyMac during the past six weeks. These efforts have included numerous attempts to serve Defendants personally at their home address and at their last known work addresses. IndyMac has also attempted substituted

---

substantially all of the assets of the Receiver, including the loan that is the subject matter of this litigation, were transferred to New IndyMac, which was then placed into conservatorship, and the FDIC was appointed as conservator (the "Conservator"). The Conservator intends to seek leave to intervene or substitute itself as the real party in interest in this action pursuant to Federal Rule of Civil Procedure 24 and 25.

**-2-**

REQUEST FOR CONTINUANCE OF
INITIAL CASE MANAGEMENT CONFERENCE

1  service on Defendant Loc Nguyen.  IndyMac plans to attempt personal service on
2  Defendants one further time but anticipates that it will thereafter be necessary to
3  bring a motion to serve Defendants by publication.
4      As a result, IndyMac has been unable to conduct a Rule 26(f) conference, to
5  exchange initial disclosures as required by Rule 26(a), or to meet and confer with
6  counsel for Defendants regarding ADR procedures as required by this Court Local
7  Rule 16-8.  Accordingly, it appears that a Case Management Conference at this
8  junction would be unproductive and waste judicial time and resources.  IndyMac
9  therefore requests that this Court continue the Initial Case Management
10 Conference in this action from September 3, 2008, to October 22, 2008, or another
11 available date thereafter.

Dated:  August 26, 2008           Respectfully submitted,

                                  **KRALIK & JACOBS LLP**


                                  By:    /s/ Lois Moonitz Jacobs
                                         Lois Moonitz Jacobs
                                         Attorneys for Plaintiff
                                         IndyMac Bank, F.S.B. and
                                         Federal Deposit Insurance
                                         Corporation, as Conservator of
                                         IndyMac Federal Bank, FSB,
                                         successor in interest to IndyMac
                                         Bank, F.S.B.

**EXHIBIT A**

## Lois Jacobs

**From:** Lois Jacobs [lois.jacobs@kralikjacobs.com]
**Sent:** Wednesday, July 30, 2008 12:17 PM
**To:** 'Lan Nguyen'
**Subject:** IndyMac Bank v. Nguyen

Dear Lan:

This email will follow up my voice mail message to you regarding this matter. As we discussed by phone in early July, we have been unable to serve your brother and sister-in-law with the complaint in this matter since it was filed in May. You informed me that they had been out of the country for most of that time but were returning permanently by mid-July. You also told me that your brother had not authorized you or anyone to accept service on his or his wife's behalf but he was in the process of retaining an attorney and you expected that their new attorney would be so authorized. I agreed to hold off further service attempts until that time but advised you that I would need to take further steps if we were still unable to personally serve them at home upon his return or had not heard from new counsel. You assured me that your brother was aware of the situation and would not avoid service once he returned.

We have now attempted personal service several times since July 15 without success. As a result, we are forced to attempt service at the defendants' place of business or substitute serve them as provided by FRCP 4(e)(1) and Cal. Civ. Proc. Code § 415.20. If the defendants wish to avoid this, please advise me immediately when we can serve them at their home or that they have authorized you, another attorney or agent to accept service on their behalf. If counsel has been retained to represent them in this action, would you please provide that attorney's name and contact information?

As I also mentioned, the court has continued the case management conference in this case from August 27 to September 3, 2008, at 2:30 pm. A copy of the court's order is attached.

Thank you for your consideration.

---

PLEASE NOTE OUR NEW ADDRESS, PHONE
NUMBERS AND E-MAIL:
Lois M. Jacobs
Kralik & Jacobs LLP
301 North Lake Avenue, Suite 202
Pasadena, CA 91101
main:   626-844-3505
direct: 626-844-3508
fax:    626-844-7643
email:  lois.jacobs@kralikjacobs.com

---

This e-mail and any attachment(s) is intended only for the addressee(s) and may contain information that is privileged, confidential or protected as attorney work product, and its use by anyone other than the intended recipient(s) is strictly prohibited. If you receive this e-mail in error, please notify Kralik & Jacobs LLP at 626-844-3505 and permanently delete this message and any copies of it. Thank you.